STATE of Wisconsin, Plaintiff-Respondent,

v.

Ricky L. ADAMS, Defendant-Appellant. [Case No. 89-0235-CR.] †

STATE of Wisconsin, Plaintiff-Respondent,

v.

Terry L. ADAMS, Defendant-Appellant. [Case No. 89-0336-CR.] †

Court of Appeals

*Nos. 89-0235-CR, 89-0336-CR. Submitted on briefs July 7, 1989.—Decided August 22, 1989.*

(Also reported in 447 N.W.2d 90.)

† Petition to review denied.

For defendants-appellants there were briefs submitted by *Ted N. Frank* of Dodgeville.

For plaintiff-respondent there was a brief submitted by *Donald J. Hanaway,* attorney general, and *William L. Gansner,* assistant attorney general of the *Wisconsin Department of Justice* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Ricky and Terry Adams appeal their convictions for escape under sec. 946.42(2)(a), Stats. (1985-86),[1] alleging that the complaint was insufficient to support those charges. Alternatively, they argue that the trial court erred by holding that their escape sentences must run consecutively to their sentences for the other convictions. Because we find the complaint facially sufficient to support the escape charges, and because the statute's language mandates that the escape sentences run consecutively to the other sentences, we affirm the trial court in all respects.

The facts set forth in the complaint are as follows. On June 11, 1988, at approximately 1:55 a.m., Village of Dickeyville police officer Ron Burbach stopped a vehicle that was speeding and weaving. Burbach administered field sobriety tests to the driver, Ricky Adams, and his passenger, Terry Adams, Ricky's brother. He informed both men that they were incapable of driving. While

---

[1]Although the crime occurred in 1988, the attorneys and the trial court inadvertently proceeded under the escape statute in effect prior to May 2, 1986. Because none of the parties feels aggrieved by this error, and because the two statutes are substantially the same with most of the changes involving renumbering, this court will also proceed under the 1985-86 statute.

Burbach was running a license check in his squad car, Terry attempted to flee on foot, but was chased down by Burbach. After bringing Terry back to the vehicle, Burbach informed Ricky that he was under arrest for operating a motor vehicle while under the influence of intoxicants. Ricky then struck Burbach twice, and Terry grabbed the officer's neck. Burbach told the Adamses that they were under arrest for assaulting a police officer. Ricky continued to strike Burbach.

According to the complaint, Burbach "then got ahold of each of the defendants, one in each arm, holding them down but then they got free . . .." Once free from his grasp, Terry choked Burbach until he was nearly unconscious while both brothers hit, kicked, and threatened him. They then handcuffed the officer and began to drag him down the highway by the handcuffs, hitting and shoving him along the way. After one unsuccessful attempt, Burbach, still handcuffed, was able to hail a passing car and get away. He suffered cuts, bruises and a fractured wrist. Several days after the incident, Ricky and Terry surrendered to the local police.

A complaint was issued against the Adamses charging them with battery to a peace office, false imprisonment, and escape. The Adamses contended that the information in the complaint was insufficient to support the escape charges. The trial court rejected their motion to dismiss. The brothers eventually were convicted on all three counts following a jury trial. Each brother was given a concurrent sentence for the battery and false imprisonment convictions and a consecutive sentence for the escape conviction.

On appeal, the Adamses renew their argument that the facts in the complaint, as set forth above, are not sufficient to support a charge of escape under sec.

946.42(2)(a). Specifically, they contend that they were never "in custody" within the meaning of the statute.

The state argues that even if the complaint was insufficient, the opportunity to present evidence and arguments at trial eliminated any resulting prejudice. We disagree. A challenge to the complaint has not been rendered moot or immaterial, and it is appropriate to contest the sufficiency of the complaint on postconviction review by an appellate court if the issue has been preserved for appeal. *See, e.g., State v. Gaudesi,* 112 Wis. 2d 213, 219-21, 332 N.W.2d 302, 305-06 (1983); *State v. Stoehr,* 134 Wis. 2d 66, 74, 396 N.W.2d 177, 179 (1986).

Section 968.01, Stats., requires a criminal complaint to meet probable cause requirements to confer personal jurisdiction on the circuit court. *State v. White,* 97 Wis. 2d 193, 197, 295 N.W.2d 346, 347 (1980). A criminal complaint is a self-contained charge that must set forth facts within its four corners that are sufficient, in themselves or together with reasonable inferences to which they give rise, to allow a reasonable person to conclude that a crime was probably committed and the defendant is probably culpable. *State v. Haugen,* 52 Wis. 2d 791, 793, 191 N.W.2d 12, 13 (1971); *State v. Hoffman,* 106 Wis. 2d 185, 197, 316 N.W.2d 143, 151 (Ct. App. 1982). To be sufficient, a complaint must only be minimally adequate. This is to be evaluated in a common sense rather than a hypertechnical manner, in setting forth the essential facts establishing probable cause. *Gaudesi,* 112 Wis. 2d at 219, 332 N.W.2d at 305. A complaint is sufficient under this standard if it answers the following five questions: "(1) Who is charged?; (2) What is the person charged with?; (3) When and where did the alleged offense take place?; (4) Why is this particular person

being charged?; and (5) Who says so? or How reliable is the informant?" *White*, 97 Wis. 2d at 203, 295 N.W.2d at 350. The sufficiency of a complaint is a matter of law and is addressed de novo by the reviewing court. *See, e.g., Gaudesi*, 112 Wis. 2d at 219-21, 332 N.W.2d at 305-06.

There is no dispute that the complaint satisfactorily addresses the first, second, third, and fifth questions. The only issue is whether the complaint adequately establishes the reason the Adamses were charged with escape. Specifically, the question is whether the facts in the complaint support a finding that Ricky and Terry were "in custody" at the time of the alleged escape, an element of that crime. The portion of the complaint in dispute states only that Burbach told the Adamses that they were under arrest, grabbed them and held them down, but that they got free.

[7]

Section 946.42(2) states: "Any person in custody under any of the following circumstances who intentionally escapes from custody is guilty of a Class E felony: (a) Pursuant to a legal arrest for a felony." The same statute states: " 'Custody' includes without limitation actual custody of . . . a peace officer." Sec. 946.42(5)(a), Stats. Actual custody has been defined to mean actual imprisonment or physical detention. *State v. Schaller*, 70 Wis. 2d 107, 111, 233 N.W.2d 416, 418 (1975).

The Adamses urge us to hold that physical detention is equivalent to physical control, and because the complaint did not allege that Burbach was in control of Ricky and Terry, the escape charges are insufficiently supported. We do not accept this characterization of custody in part because if one were truly under the control of another individual, escape would be impossible.

74

Rather, we conclude that the men were "in custody" for the purposes of this statute once their ability or freedom of movement had been restricted. This definition has the additional virtue of being consistent with the level of restraint required to constitute an arrest.[2] The statute defines escape as "to leave in any manner without lawful permission or authority." Sec. 946.42(5)(b), Stats. We interpret the statute to mean that once a person has been lawfully arrested, he or she may not leave without permission. The fact that an officer's back was turned or that one has pummeled him into submission is of no consequence.[3]

In addition, we agree with the trial court that a contrary reading of the statute would not differentiate

---

[2]There are three elements required for an arrest in Wisconsin: The suspect's ability or freedom of movement is restricted; the arresting officer intends, at that time, to restrain the person; and the person under arrest believes or understands that he is in custody. *State v. Washington,* 134 Wis. 2d 108, 124-25, 396 N.W.2d 156, 163 (1986); *see also Peloquin v. Hibner,* 231 Wis. 77, 84, 285 N.W. 380, 384 (1939). "An arrest is the taking, seizing or detaining of the person of another either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest." *Peloquin* (quoting 4 Am. Jur. sec. 2 at 5 (1936)). Neither of the Adamses attacks the finding that he was under arrest at the time of the alleged escape, and the complaint and the record each independently supports the fact that Burbach had arrested them.

[3]The Adamses also request us to find the complaint insufficient to support a charge of escape because Burbach, not Ricky and Terry, left the scene of the arrest. This argument is not supported by the statute, and as the state correctly points out, there is a major difference between voluntarily abandoning the scene and being driven away by a criminal or suspect's violent conduct. The latter is clearly still an escape.

between resisting arrest successfully and resisting unsuccessfully. Were there not to be a difference, there would be little incentive to stop resisting. The sentence would be the same whether one eventually freed oneself or not.[4] We do not believe this is in accord with the statutory scheme or good public policy.

The complaint states that the officer had a grasp of both men and held them down, but that they got free. This meets the "minimally adequate" test for the sufficiency of a complaint as it would allow a reasonable person to conclude that the Adamses had probably committed the crime of escape. Even accepting the brothers' contention that physical control was required, the complaint is still sufficient. The complaint alleges that Burbach told the Adamses they were under arrest, "got ahold" of them, and then they got away. From this language, a reasonable person could draw an inference that the Adamses were under Burbach's control at some point. The facts as brought out at trial may have shown differently, but that is not what the Adamses are contesting on appeal. They argue only that the complaint was insufficient. However, a proceeding of this nature is not the preferred place to decide heavily fact-laden questions.[5] Whether Burbach's conduct consisted of merely touching Ricky and Terry, grasping them, or holding

[4]Both sections 946.41 (resisting arrest) and 940.20(2) (battery to a law enforcement officer) fail to differentiate between violations resulting in a successful flight from the law and those where the officer is eventually able to restrain the individual.

[5]"The complaint is the first of many steps in a criminal prosecution. Its essential function is informative, not adjudicative. 'It is enough that a fair-minded magistrate could conclude that the facts and circumstances alleged justify further criminal proceedings and that the charges are not merely capricious.' "

them down for thirty seconds, and whether this was sufficient to qualify as "physical detention" are primarily questions of fact. The facts alleged in the complaint, however, are sufficient to support the charges of escape.

The Adamses also contend that their escape sentences should not be mandatorily consecutive to their battery and false imprisonment sentences. The trial court found that consecutive sentences were required by the clear language of sec. 946.42(4). We agree. The statute states: "Sentences imposed under this section shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped." The Adamses ask us to read into the statute the requirement that "custody" be limited to mean institutional custody. We decline to do so. The Adamses had been arrested for assaulting a police officer, they escaped, and therefore their escape sentences must run consecutively to their battery sentences.

*By the Court.*—Judgments affirmed.

*Hoffman,* 106 Wis. 2d at 200, 316 N.W.2d at 152–53 (quoting *State v. Olson,* 75 Wis. 2d 575, 583, 250 N.W.2d 12, 17 (1977)).