STATE of Wisconsin, Plaintiff-Appellant,

v.

Dean W. GRANDE, Defendant-Respondent.

Court of Appeals

*No. 91–2571–CR. Submitted on briefs April 8, 1992.—Decided
May 12, 1992.*

(Also reported in 485 N.W.2d 282.)

426

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *David J. Becker,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Keith A. Findley,* assistant state public defender.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. The state appeals an order granting Dean Grande's motion to exclude from his kidnapping trial all evidence pertaining to an alleged Minnesota sexual assault. The state argues that because the alleged

sexual assault was the motive for the kidnapping and the evidence was offered to prove an element of the kidnapping charge, the probative value of the evidence outweighed its prejudicial effect and potential for misleading the jury under sec. 904.03, Stats. The state asserts, therefore, that the trial court abused its discretion by excluding the sexual assault evidence. We conclude that because the sexual assault evidence is admissible and is the only evidence of an element of the kidnapping offense, it is, as a matter of law, not unfairly prejudicial to Grande or misleading to the jury. Thus, the trial court made an error of law by excluding such evidence on the basis that its *unfair* prejudice and danger of misleading the jury substantially outweighed its probative value. We reverse the trial court's order.

The state charged Grande with aggravated battery, contrary to sec. 940.19(2), Stats., and kidnapping, contrary to sec. 940.31(1)(a). Section 940.31(1)(a) provides that whoever "[b]y force or threat of imminent force carries another from one place to another without his consent and with intent to cause him . . . to be held to service against his will" is guilty of a Class B felony.

The complaint alleged the following facts. During the early morning hours on March 28, 1991, Grande offered and agreed to give the alleged victim, B.I., a ride home to Cloquet, Minnesota. They were in the parking lot of the Cove Bar in Superior, Wisconsin. B.I. followed Grande to his car and got in. As she was looking out the front passenger window of the car, suddenly everything went blank and she became unconscious. B.I. had an injury to her head that was consistent with being hit with num-chucks.

When B.I. regained consciousness, she noticed that it was dark and she was in a wooded area later determined to be in Minnesota. Grande told B.I. that he was

going to rape her, and she stated that she would rather die. He then said that he was going to kill her, and he started choking her with his hands. B.I. was unable to breathe and passed out. When she regained consciousness, she noticed that she was in the back seat of Grande's car, where he then sexually assaulted her. Grande then took B.I. to the Auto Stop convenience store in Scanlon, Minnesota, dropped her off and left.

After the police were notified, they picked B.I. up and took her to Cloquet Memorial Hospital. B.I.'s physician observed that she had been choked so hard that small blood vessels on her face, eyelids and forehead had burst, and that there may be permanent damage to her throat. Various items of B.I.'s clothing and a pair of num-chucks were seized from Grande's car. Grande admitted to the police that he agreed to give B.I. a ride home, drove her to Minnesota and had consensual sexual relations with her in a wooded area near Cloquet.

A preliminary hearing was held on April 10, 1991, and the court bound Grande over for trial. Grande entered a plea of not guilty at his arraignment, and the case was set for trial. Prior to trial, Grande filed a motion in limine to exclude from trial all evidence pertaining to the alleged sexual assault in Minnesota. After a hearing, the trial court granted Grande's motion and issued an order excluding from evidence all statements and testimonial evidence of the alleged sexual assault. The state appealed the order pursuant to sec. 974.05(1)(d)2, Stats.[1]

The sole issue we address is whether the trial court abused its discretion by excluding the only evidence that proves an element of the kidnapping offense on the basis

---

[1]Section 974.05(1)(d)2 provides that the state may appeal from an order suppressing evidence.

that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice or misleading the jury. A trial court's decision to exclude evidence is discretionary. *See State v. Webster,* 156 Wis. 2d 510, 514–15, 458 N.W.2d 373, 374–75 (Ct. App. 1990). We will not disturb a trial court's exercise of discretion if the trial court correctly applied accepted legal standards to the facts of record and, using a rational process, reached a conclusion that a reasonable judge could reach. *Id.*

The admissibility of other wrongs or acts evidence is controlled by a two-prong test. *State v. Kuntz,* 160 Wis. 2d 722, 746, 467 N.W.2d 531, 540 (1991). First, the trial court must find that the evidence is relevant under sec. 904.01, Stats.,[2] and admissible under sec. 904.04(2). *Kuntz,* 160 Wis. 2d at 746, 467 N.W.2d at 540. Section 904.04(2) provides that evidence of other crimes, wrongs or acts is admissible to prove intent, but not admissible to prove the character of an individual in an effort to show action in conformity therewith. If the evidence is relevant and admissible under sec. 904.04(2), the trial court must then decide whether the probative value of the evidence is substantially outweighed by the danger of *unfair* prejudice, confusion of the issues or misleading the jury, pursuant to sec. 904.03. *Kuntz,* 160 Wis. 2d at 746, 467 N.W.2d at 540. Section 904.03 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

[2]Section 904.01 states: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The trial court found that the sexual assault evidence was relevant to prove motive, intent and one of the elements of the kidnapping charge. Thus, it found that the evidence was admissible under sec. 904.02[3] and 904.04(2), Stats. The trial court then weighed the probative value of the evidence against its prejudicial effect. It excluded the evidence on the basis that the evidence was prejudicial and confusing to the jury because the jury would have a tendency to convict Grande of kidnapping based on the acts in Minnesota rather than what occurred in Wisconsin.[4] We take the trial court's decision to mean that the evidence was unfairly prejudicial and so inflammatory that it would mislead the jury, and that such dangers substantially outweighed the probative value of the evidence.

The trial court, when weighing the probative value against the prejudicial effect of the evidence, considered the state's decision to charge Grande with "intent to cause [B.I.] . . . to be held to service against [her] will" instead of "intent to cause [B.I.] . . . to be carried out of this state." It expressed concern that the state was trying to make otherwise inadmissible evidence admissible through its charging election. It also considered the

---

[3]Section 904.02 provides that relevant evidence is admissible, except as otherwise provided by the rules of evidence.

[4]The trial court also indicated a concern that the jury might have a tendency to use the evidence of the sexual assault and choking that allegedly occurred in Minnesota to convict Grande of aggravated battery in Wisconsin. Thereafter, the state moved to dismiss the aggravated battery charge in an effort to remove the danger of unfair prejudice and confusing the jury, and asked the trial court to reconsider its decision. The trial court stood on its decision excluding the evidence.

potential double jeopardy issue in the Minnesota trial if the evidence were allowed in the Wisconsin trial.[5]

The selection of a particular charge against a defendant is within the prosecutor's discretion, *State v. Mendez,* 157 Wis. 2d 289, 296–97, 459 N.W.2d 578, 581 (Ct. App. 1990), and, therefore, cannot be a basis for the trial court to exclude evidence. Furthermore, double jeopardy is a matter for the Minnesota prosecutor and the Wisconsin district attorney to resolve when deciding the appropriate charges against Grande. As long as Grande has not been tried in Minnesota, double jeopardy is not a concern in this case. Therefore, this was an inappropriate factor for the trial court to consider when deciding whether to exclude the sexual assault evidence.

The trial court's decision to exclude the sexual assault evidence was based primarily on an "other crimes, wrongs or acts" evidence analysis. The state notes in its brief that the sexual assault evidence may not constitute other crimes, wrongs or acts evidence under sec. 904.04, Stats. We conclude that whether the sexual assault evidence is evidence of "other crimes, wrongs or acts" does not affect our analysis or conclusion.

The sexual assault evidence, as will be discussed in more detail later, is evidence of an element of the kidnapping charge. Thus, it is evidence that has a tendency to make the existence of a fact that is of consequence to the determination of the action more probable than it would be without the evidence. Section 904.01, Stats. It is therefore relevant and admissible under sec. 904.02.

[5]*See United States v. Felix,* No. 90–1599 (U.S. March 25, 1992).

432

We also conclude that the sexual assault evidence is admissible under sec. 904.04(2), Stats., because it is evidence of another crime that is offered to prove intent or motive. The sexual assault evidence, the basis for a criminal charge in Minnesota, is evidence of Grande's intent to hold B.I. to service against her will—an element of the Wisconsin kidnapping charge. Thus, the reason the evidence is relevant and admissible under sec. 904.02 is the same reason it is admissible under sec. 904.04. If admissible under either sec. 904.02 or 904.04, the only way the sexual assault evidence can be excluded is under sec. 904.03. Consequently, because both analyses lead to a weighing of the evidence's probative value against its prejudicial effect under sec. 904.03, it does not matter whether the sexual assault evidence is analyzed as admissible other crimes, wrongs or acts evidence under sec. 904.04(2) or admissible relevant evidence under sec. 904.02.

In a kidnapping prosecution, the state has the burden of proving that Grande intended to hold B.I. to service against her will. *See* sec. 940.31(1)(a), Stats. The intent to hold to service against her will element of sec. 940.31(1) "clearly embraces sexual acts performed at the command of another." *State v. Clement,* 153 Wis. 2d 287, 293, 450 N.W.2d 789, 791 (Ct. App. 1989). Thus, evidence showing that Grande sexually assaulted B.I. *is* evidence showing that Grande intended to hold B.I. to service against her will.[6] Also, here, it is the *only* evi-

---

[6] We note that there may be an issue at trial concerning when Grande formed his intent to hold B.I. to service against her will and whether that intent must be formed in Wisconsin. These issues are not before us on appeal, and we do not decide them.

dence that would prove that Grande intended to hold B.I. to service against her will.

We have held that sec. 904.04(2), Stats., is permissive and not restrictive, recognizing that the drafters were not as concerned with the potential prejudice of other acts, crimes or wrongs evidence, as they were with ensuring that restrictions are not placed on the admission of such evidence. *Lievrouw v. Roth,* 157 Wis. 2d 332, 350, 459 N.W.2d 850, 856 (Ct. App. 1990). Consequently, sec. 904.04 and 904.03 favor admissibility. *See Lievrouw,* 157 Wis. 2d at 350, 459 N.W.2d at 856.

Under sec. 904.03, Stats., the probative value of the evidence is weighed against the danger of misleading the jury and *unfair* prejudice, not prejudice. Here, the sexual assault evidence is the only evidence that proves Grande intended to hold B.I. to service against her will. "[O]ther crimes evidence is admissible '[t]o complete the story of the crime on trial . . ..' " *State v. Pharr,* 115 Wis. 2d 334, 348, 340 N.W.2d 498, 504 (1983) (quoting *Bailey v. State,* 65 Wis. 2d 331, 347, 222 N.W.2d 871, 880 (1974)). The supreme court has recognized the state's rights to a fair trial and the opportunity to convict. *See State v. Copening,* 100 Wis. 2d 700, 723, 303 N.W.2d 821, 833 (1981). Withholding admissible evidence from the jury on the basis of unfair prejudice or misleading the jury, where that evidence is the only evidence of an element of an offense, precludes a conviction of the offense charged. Consequently, the state would be unfairly prevented from prosecuting a serious criminal allegation.

All evidence of an element of an offense is "prejudicial" to a defendant. Yet, a defendant has no right to claim that such evidence is unfair and excludable under

sec. 904.03 where it is admissible and the only evidence of an element of the charged offense. Here, the sexual assault evidence, while incriminating to Grande, is the only evidence of an element of the kidnapping charge, but not unfairly so. Thus, even if the sexual assault evidence could be considered "prejudicial," as a matter of law it is not "unfair" to Grande. Furthermore, the mere fact that a sexual assault occurred is, as a matter of law, not misleading to the jury. Under these circumstances, the sexual assault evidence cannot be excluded under sec. 904.03 because there is no unfair prejudice or danger of misleading the jury to substantially outweigh the evidence's extremely high probative value. Thus, the trial court made an error of law by excluding the sexual assault evidence.

Although the sexual assault evidence is admissible, this does not mean that the state is free to introduce unlimited evidence surrounding the sexual assault. The trial court continues to have discretion under sec. 904.03, Stats., to control any potential *unfair* prejudice or danger of misleading the jury that may arise from the admission of such evidence. How the trial court controls potential unfair prejudice or dangers of misleading the jury depends upon the surrounding circumstances and includes discretion over the amount, type and manner of evidence allowed. For instance, if the defendant denies the sexual assault and any sexual contact, the trial court has discretion to admit only the evidence that proves the sexual assault took place. If, however, the defendant claims that the sexual activity was consensual, the trial court may admit sufficient details showing that the conduct was not consensual.

Further, the trial court has discretion to limit any potential unfair prejudice or potential misleading effect through its jury instructions. The jury is presumed to follow all instructions given. *State v. Truax,* 151 Wis. 2d 354, 362, 444 N.W.2d 432, 436 (Ct. App. 1989). When a jury is instructed that the evidence showing other crimes, wrongs or acts is admissible to prove intent, plan or motive, and that the jury cannot use the evidence to conclude the defendant had a bad character and acted in conformity therewith, any danger of unfair prejudice or misleading the jury is cured. *State v. Fishnick,* 127 Wis. 2d 247, 262, 378 N.W.2d 272, 280 (1985).

In summary, we conclude that because the sexual assault evidence is admissible and is the only evidence of an element of the kidnapping charge, it is not, as a matter of law, unfairly prejudicial to Grande or misleading to the jury. Evidence that is not unfairly prejudicial or misleading cannot be excluded under sec. 904.03, Stats. Thus, the trial court made an error of law by concluding that the sexual assault evidence was unfairly prejudicial and misleading to the jury. It thereby abused its discretion by excluding the evidence under sec. 904.03. However, the trial court has discretion under sec. 904.03 and in its jury instructions to limit any potential unfair prejudice and potential misleading effect arising from the admission of the sexual assault evidence.

*By the Court.*—Order reversed.