STATE of Wisconsin, Plaintiff-Respondent,

v.

John K. PARR, Defendant-Appellant.†

Court of Appeals

*No. 93–1727–CR. Submitted on briefs December 28, 1993.—Decided February 9, 1994.*

(Also reported in 513 N.W.2d 647.)

†Petition to review denied.

353

On behalf of the defendant-appellant, the cause was submitted on the brief of *Larry D. Steen*, of *Godfrey, Neshek, Worth & Leibsle, S.C.*, of Elkhorn.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Maureen McGlynn Flanagan*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J.   John K. Parr appeals from an amended judgment of conviction for child enticement pursuant to § 948.07(1), STATS., and second-degree sexual assault of a child pursuant to § 948.02(2), STATS. Parr also appeals from an order denying his motion for postconviction relief.

On appeal, Parr makes five claims: (1) the complaint did not state probable cause; (2) hearsay evidence was improperly admitted at the preliminary hearing; (3) other acts evidence was improperly admitted into evidence at the jury trial; (4) his prosecution for two counts of second-degree sexual assault based on allegations of sexual contact and sexual intercourse violated his constitutional protection against double jeopardy; and (5) he was improperly required to submit to HIV testing pursuant to § 968.38, STATS.

We reject all of Parr's arguments. We affirm the judgment of conviction and the postconviction order.

## FACTS

Because Parr does not dispute the sufficiency of the evidence, we recite only a summary of the facts. On July 15, 1992, the date of the offenses, Parr was the operator of a go-cart track in the City of Lake Geneva and was recovering from a previous ankle injury. Kyle S., the thirteen-year-old male victim, had been a customer at the track on previous occasions and had assisted Parr with various tasks which Parr could not perform because of his injury.

On July 15, Kyle helped Parr clean out a used car which Parr was advertising for sale. Parr instructed Kyle to park the car and return the keys to Parr's trailer where Parr lived. When Kyle brought the keys to the trailer, Parr asked him to come back to the sleeping area. Once there, Parr asked Kyle to take a shower with him, suggesting that he needed Kyle to help Parr wash himself. Kyle did so and after the shower Parr massaged Kyle with lotion. During the course of the massage, Parr fondled Kyle's penis and briefly inserted his penis into Kyle's anus. During this activity, Parr placed a pillow over Kyle's face.

Kyle then left the trailer and later in the day reported the incident to his parents and the police. Medical examinations and testing confirmed that Kyle had been sexually assaulted. Parr was arrested and charged with three counts: (1) enticing a child into a secluded place for purposes of sexual intercourse pursuant to § 948.07(1), STATS.; (2) second-degree sexual assault of a child involving sexual contact pursuant to § 948.02(2), STATS.; and (3) second-degree sexual assault of a child involving sexual intercourse pursuant to § 948.02(2). Parr was bound over for trial following a preliminary hearing. The State filed an

information alleging the same three counts. Parr pled not guilty and the matter was scheduled for a jury trial.

Prior to trial, the State moved for permission to introduce evidence of two prior episodes of sexual contact by Parr with other young boys. One episode, involving two thirteen-year-old boys, occurred in Massachusetts in 1983. As a result, Parr was convicted. The other episode, involving a fifteen-year-old boy, occurred in Dane County in 1990.

Following the arguments on the motion, the trial court preliminarily ruled that the other acts evidence was relevant and admissible on the issues of motive and intent. Before making its ruling final, the court required that the State detail how it intended to prove these acts. The State responded by presenting certified copies of the relevant Massachusetts episode and by the testimony of a detective who had interviewed the victim and Parr regarding the Dane County episode. Following the presentation of these proofs, the trial court ruled with finality that the other acts evidence was admissible.

The jury returned guilty verdicts on the child enticement charge and on the sexual assault charge relating to the sexual contact. The jury acquitted Parr of the sexual assault charge pertaining to the allegation of sexual intercourse. Parr appeals.

## THE CRIMINAL COMPLAINT

Parr contends that the criminal complaint is defective as to the child enticement count because it fails to state probable cause for the offense.

On a threshold basis, the State argues that any deficiency in the criminal complaint is rendered harmless by the opportunity to present evidence and arguments at trial. The State acknowledges that this

court previously rejected this same argument in *State v. Adams*, 152 Wis. 2d 68, 73, 447 N.W.2d 90, 92 (Ct. App. 1989). The State contends, however, that the Wisconsin Supreme Court's later decision in *State v. Webb*, 160 Wis. 2d 622, 467 N.W.2d 108, *cert. denied*, 112 S. Ct. 249 (1991), requires that we revisit this issue. *Webb* held that a conviction resulting from a fair and error-less trial cures any error at the preliminary hearing. *Id.* at 628, 467 N.W.2d at 110.

We choose not to address this threshold issue because we otherwise conclude that the complaint does state probable cause for the child enticement count. A criminal complaint is a self-contained charge that must set forth facts within its four corners that are sufficient, in themselves or together with reasonable inferences to which they give rise, to allow a reasonable person to conclude that a crime was probably committed by the defendant. *Adams*, 152 Wis. 2d at 73, 447 N.W.2d at 92. To be sufficient, a complaint must only be minimally adequate and is to be evaluated in a common sense rather than a hypertechnical manner. *Id.*

The complaint in this case is concise and to the point. These qualities do not, however, necessarily detract from its recital of probable cause. We set the supporting factual allegations of child enticement out in full:

> On July 15, 1992, your complainant spoke with a juvenile who identified himself as [Kyle] with a date of birth of 07/02/79. [Kyle] stated that he had been working for the defendant, John K. Parr, at the go cart track, located in the City of Lake Geneva . . ..
> [Kyle] stated that on that date he went into the defendant's trailer, at the defendant's request, which was parked at the go cart track, and that the

defendant removed [Kyle's] clothes and grabbed [Kyle's] penis. The defendant then pushed [Kyle] down on a bed and had anal intercourse by placing his penis inside the anus of [Kyle].

A commonsense reading of these allegations, together with the reasonable inferences drawn therefrom, answer all the requisite inquiries in a probable cause analysis: (1) who is charged?, (2) what is charged?, (3) when and where did the offense take place?, (4) why is the defendant charged?, and (5) who says so? *Id.* at 73-74, 447 N.W.2d at 92.

We conclude that the complaint recited probable cause regarding the child enticement charge.

### *ERRORS AT THE PRELIMINARY HEARING*

Kyle did not testify at the preliminary hearing. Instead, a police officer who had interviewed Kyle was permitted to give hearsay testimony regarding Kyle's report of the incident. Parr argues that this ruling was error.

*Webb*, however, holds that any error at the preliminary hearing is cured by a fair and errorless trial. *Webb*, 160 Wis. 2d at 628, 467 N.W.2d at 110. *Webb* further holds that a defendant who claims error occurred at the preliminary hearing may only obtain relief before trial. *Id.* This case is obviously beyond that stage. As a result, we review only those errors which relate to the trial. *See id.* at 635, 467 N.W.2d at 113. Therefore, we need not address this issue further.

## OTHER ACTS EVIDENCE

Parr argues that the trial court erred by permitting the State to introduce evidence of the 1983 Massachusetts incident and the 1990 Dane County incident.

Evidentiary rulings are addressed to the discretion of the trial court. *See State v. Plymesser*, 172 Wis. 2d 583, 593, 493 N.W.2d 367, 372 (1992). Section 904.04(2), STATS., governs the admissibility of other acts evidence. Such evidence is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. *Id*. However, such evidence may be used to establish, inter alia, motive and intent. *Id*. In *State v. Grande*, 169 Wis. 2d 422, 485 N.W.2d 282 (Ct. App. 1992), this court restated the well-known two-prong test when considering the admissibility of other acts evidence. First, the court must determine whether the evidence is relevant; if so, the court must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *Id*. at 430, 485 N.W.2d at 284. We also note that the supreme court has held that it will allow a greater latitude of proof regarding other acts evidence in sex crime cases, particularly those involving a minor child. *State v. Mink*, 146 Wis. 2d 1, 13, 429 N.W.2d 99, 104 (Ct. App. 1988).

In this case, the Dane County occurrence presented striking similarities to the instant case. Parr had befriended a teenage boy at a Madison area YMCA and had engaged in digital-anal intercourse with him in the sleeping area of his residence. Like this case,

Parr gave the victim a lotion massage and also covered his face with a pillow during the assault.[1]

Parr's theory of defense was that Kyle had fabricated the allegations. In light of the resulting credibility issue between Parr and Kyle, Parr's prior sexual contacts with young boys served to establish a motive and intent to assault Kyle. As such, the evidence bore directly on the truthfulness of his and Kyle's competing and conflicting versions of the event. We affirm the trial court's ruling that the other acts evidence was relevant.

As to the prejudice prong of the analysis, we first observe that the obvious purpose of all relevant evidence is to prejudice the party against whom it is offered. Thus, the test is not prejudice, but *unfair* prejudice. *See Grande*, 169 Wis. 2d at 430, 485 N.W.2d at 284. The delivery of a limiting or curative instruction serves to eliminate or minimize the risk of undue prejudice. *See Mink*, 146 Wis. 2d at 17, 429 N.W.2d at 105. Here, the trial court delivered an appropriate cautionary instruction to the jury at the time the evidence was received and again as part of the instructions at the close of the case. Thus, the trial court minimized any risk that the jury would use the other acts evidence for an improper purpose.

---

[1] Neither Parr nor the State advises us of the precise nature of the acts relating to the Massachusetts episode. Nor do the certified copies pertaining to the Massachusetts litigation provide such specifics. Parr's argument concerning the Massachusetts acts is more generic than specific and we do not consider this evidence further.

And, it appears that the jury bore these instructions in mind since it acquitted Parr of one of the sexual assault charges. This substantially undercuts Parr's argument that the other acts evidence was unfairly prejudicial. Given the relevancy of the evidence, we see no misuse of discretion by the trial court in choosing to admit the evidence accompanied by the proper cautionary instructions.

### *Multiplicity and Double Jeopardy*

As a result of this incident, the State charged Parr with two counts of second-degree sexual assault of a child pursuant to § 948.02(2), STATS. One count alleged sexual *contact* by Parr with Kyle based on Parr's touching of Kyle's penis. The other count alleged sexual *intercourse* by Parr with Kyle based on the act of anal intercourse.

Parr argues that the State's prosecution for these two counts of second-degree sexual assault of a child based on different components of a single event was multiplicitous, thus violating his constitutional right against double jeopardy.[2] *See, e.g., State v. Grayson,* 172 Wis. 2d 156, 159-60, 493 N.W.2d 23, 25 (1992). He seeks a new trial on the sexual contact charge.

However, as we have noted, Parr was convicted *only* of the sexual assault charge pertaining to the act of sexual contact. He was acquitted of the sexual assault charge pertaining to the allegation of sexual

---

[2] We note that in his trial testimony Kyle also testified to an act of fellatio by Parr. However, the allegations of the complaint and the preliminary hearing evidence did not reveal such an act. Nor did the prosecutor's opening statement to the jury allude to such an act. The final arguments to the jury were not reported.

intercourse. Based on this, the State argues that Parr's appellate issue is moot. We agree.

■

The interests protected by the double jeopardy clause are: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *State v. Rabe*, 96 Wis. 2d 48, 64, 291 N.W.2d 809, 817 (1980). The facts of this case implicate only the third of these interests. Any multiple punishment peril to Parr by virtue of the State's charging of both sexual contact and sexual intercourse committed during the criminal episode has been rendered moot by the jury's acquittal of Parr on the sexual intercourse charge.

In *State v. Gordon*, 111 Wis. 2d 133, 330 N.W.2d 564 (1983), where the supreme court concluded that the defendant's double jeopardy rights had been violated by convictions for both felony murder and the underlying felony of kidnapping, the court vacated the kidnapping conviction. *Id.* at 136, 330 N.W.2d at 565. In *Blenski v. State*, 73 Wis. 2d 685, 245 N.W.2d 906 (1976), where the supreme court concluded that certain charges were multiplicitous, the court reversed the convictions based on the multiplicitous charges, leaving the accompanying convictions intact. *See id.* at 702, 245 N.W.2d at 915.

■

Here, were we to agree with Parr's argument, we would reverse or vacate any conviction based on a constitutionally tainted multiple charge. However, the jury has already accorded Parr the relief to which he would otherwise be entitled to on appeal. Thus, we need not address this issue further.

### HIV TESTING PURSUANT TO § 968.38, STATS.

Section 968.38(2), STATS., provides in relevant part:

> **(2)** In a criminal action under s. 940.225, 948.02, 948.05 or 948.06, if all of the following apply, the district attorney shall apply to the circuit court . . . to order the defendant to submit to a test or a series of tests administered by a health care professional to detect the presence of HIV, antigen or nonantigenic products of HIV, an antibody to HIV or a sexually transmitted disease and to disclose the results of the test or tests as specified in sub.(4)(a) to (c):
>
> (a) The district attorney has probable cause to believe that the defendant has significantly exposed the alleged victim or victim.
>
> (b) . The alleged victim or victim who is not a minor or the parent or guardian of the alleged victim or victim who is a minor requests the district attorney to so apply for an order.

Pursuant to subsection (3) of this statute, the district attorney may apply for the test contemplated under subsection (2) at or after the initial appearance and prior to the preliminary examination, following a bindover and prior to a verdict, or after conviction. Section 968.38(3), STATS.

Here, the State filed its motion for HIV testing of Parr following the jury trial and prior to sentencing. Parr objected, contending that his acquittal on the sexual intercourse charge precluded the testing order. The trial court denied the motion. Parr appeals.

▄▄▄▄

The State first argues that the issue is moot because the testing has taken place. While true, we may nonetheless choose to address a moot issue:

> Where the issues are of great public importance, . . .
> where the issue is likely to arise again and should
> be resolved by the court to avoid uncertainty, or
> where a question was capable and likely of repeti-
> tion and yet evades review because the appellate
> process usually cannot be completed and frequently
> cannot even be undertaken with the time that
> would have a practical effect upon the parties.

*State ex rel. La Crosse Tribune v. Circuit Court,* 115
Wis. 2d 220, 229, 340 N.W.2d 460, 464 (1983) (citations
omitted). In light of these factors and since this is a
case of first impression, we choose to address the issue
on its merits.

■

Parr argues that his acquittal on the sexual inter-
course charge bars the testing order. The statute,
however, requires, inter alia, only "probable cause to
believe that the defendant has significantly exposed
the . . . victim" before the circuit court may order test-
ing. Section 968.38(2)(a), STATS. Probable cause is not
governed by the outcome of the subsequent prosecu-
tion. *See Stelloh v. Liban,* 21 Wis. 2d 119, 125, 124
N.W.2d 101, 104 (1963). Therefore, we reject Parr's
argument.

■

Other than the argument we have just addressed,
Parr makes no further claim that the other require-
ments of the statute were not satisfied. We nonetheless
state that we are well satisfied that probable cause
existed to justify the trial court's order directing Parr to
submit to the HIV testing. Kyle provided a detailed and
plausible account of the sexual assault. Swabs of his
rectum area established the presence of semen. The
rear crotch area of his undershorts were stained with
semen which could not have come from him, but could

365

have come from Parr. These facts constitute probable cause within the meaning of the statute and support the testing order.[3]

## CONCLUSION

We reject all of Parr's appellate arguments. We affirm the judgment of conviction and the postconviction order.

*By the Court.*—Judgment and order affirmed.

<hr>

[3] Neither Parr nor the State debates which level of probable cause applies to the statute. *See State v. Dunn*, 121 Wis. 2d 389, 396-98, 359 N.W.2d 151, 154-55 (1984). Therefore, we do not answer that question here.