STATE of Wisconsin, Plaintiff-Respondent,

v.

David ROBERSON, Jr., Defendant-Appellant.†

Court of Appeals

*No. 89-2368-CR. Submitted on briefs May 31, 1990.—Decided July 25, 1990.*

(Also reported in 459 N.W.2d 611.)

†Petition to review denied.

447

449

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William J. Tyroler,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Nettesheim, P.J., Scott, J., and Circuit Judge Daniel P. Anderson, acting.

NETTESHEIM, P.J.   David Roberson, Jr. stands convicted of concealing stolen property as a repeat offender in connection with his possession of a stolen automobile engine. On appeal, Roberson argues that the trial court erred (1) when it admitted other acts evidence of his subsequent, unrelated arrest for possession of a stolen vehicle, and (2) when it submitted the case to the jury on an improper theory. We conclude that the other acts evidence was properly admitted on the issue of intent and that the language of the jury instruction, while partially incorrect, did not constitute reversible error. Accordingly, we affirm the judgment of conviction.

In September 1988, Roberson was arrested and charged with concealing stolen property when a stolen engine was discovered in his racing car. The case was tried to a jury. Roberson asserted the defense of lack of criminal intent, claiming that he did not know the engine was stolen. He testified that he purchased the used engine in Chicago from a man named Chuck Dickerson for $5000 cash and received a bill of sale. Roberson produced the bill of sale—a handwritten, notarized note, signed by Dickerson, stating that Dickerson had sold the engine to Roberson. However, Roberson did not know where Dickerson could be located. Roberson testified that he did not know the engine was stolen, even though there were no serial numbers on the motor, since such numbers are "automatically" removed anytime a motor is milled.

451

Over Roberson's motion in limine objection, the trial court admitted evidence of Roberson's possession of a stolen vehicle which occurred four months after the offense at issue. The court ruled that this other acts evidence was admissible pursuant to the "plan" exception of sec. 904.04(2), Stats. On cross-examination, Roberson admitted that in January 1989 he paid $6000 cash to an unidentified man in Chicago for the vehicle. Roberson also testified that he had a bill of sale for the vehicle at his home in Chicago. The trial court instructed the jury to consider this evidence solely on the issue of Roberson's alleged "preparation, plan, design or scheme." The jury found Roberson guilty of intentionally concealing stolen property.

On appeal, Roberson argues that the trial court erred in admitting the other acts evidence of his possession of a stolen vehicle. Evidence of other acts is not admissible to show a person's criminal propensity. *See* sec. 904.04(2), Stats. However, the rule does not exclude evidence offered for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Id.* The trial court in this case ruled that the other acts evidence was admissible because it was relevant to the issue of Roberson's alleged plan.

The admission of evidence rests within the discretion of the trial court. *State v. Mink,* 146 Wis. 2d 1, 13, 429 N.W.2d 99, 104 (Ct. App. 1988). We will not find an abuse of discretion if the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of the record. *Id.*

The trial court must apply a two-prong test in determining whether other acts evidence is admissible: (1) whether the evidence is relevant to one of the exceptions to sec. 904.04(2), Stats.; and (2) whether any prejudice resulting from admission of the evidence substantially outweighs its probative value. *Mink,* 146 Wis. 2d at 13, 429 N.W.2d at 103–04. Implicit in the foregoing analysis is the requirement that the other acts evidence is relevant to an issue in the case. *State v. Friedrich,* 135 Wis. 2d 1, 19, 398 N.W.2d 763, 771 (1987).

Roberson's claim of error lies in the trial court's application of the first prong of the test. He argues that the evidence was not relevant to the "plan" exception to sec. 904.04(2), Stats. Before us, the state concedes—and we agree—that other acts evidence of Roberson's possession of the stolen vehicle was inadmissible under the "plan" rationale employed by the trial court.

Our supreme court has defined "plan" under sec. 904.04(2), Stats., to mean "a design or scheme formed to accomplish some particular purpose." *State v. Spraggin,* 77 Wis. 2d 89, 99, 252 N.W.2d 94, 98 (1977). "Evidence showing a plan establishes a definite *prior* design, plan, or scheme which includes the doing of the act charged." *Id.* (emphasis added). While the charged offense and the other acts evidence in this case are similar in that they involve Roberson in the possession of stolen motor vehicle property, the evidence fails to show the necessary "linkage" between the two events which permits the conclusion that the latter act "led to the commission of the offense charged." Wis JI—Criminal 275.

Although the trial court articulated the wrong reason for admission of the stolen vehicle evidence, we will

453

affirm if the ruling is proper on other grounds. *See State v. Holt,* 128 Wis. 2d 110, 124, 382 N.W.2d 679, 687 (Ct. App. 1985). The state argues that the evidence in question was relevant to the issue of Roberson's knowledge. Although closely related and many times overlapping, knowledge and intent are separate concepts. *State v. Evers,* 139 Wis. 2d 424, 436 & n.9, 407 N.W.2d 256, 262 & n.8 (1987). We disagree with the state's knowledge theory, but conclude that the evidence was admissible on the issues of Roberson's criminal intent.

At trial, Roberson conceded that the engine was stolen and that he concealed it. His defense was that his concealment was without knowledge that the engine was stolen. This put at issue the question of Roberson's criminal intent and knowledge.

■

"The knowledge principle requires that the *former* possession [of stolen goods] be likely to have led to a knowledge or a warning of the stolen character of those goods, and that such warning would have naturally warned the defendant also of the stolen character of the goods in question." 2 Wigmore, *Evidence* sec. 324, at 286 (Chadbourn ed. 1979) (emphasis added) (citation omitted). Evidence of other similar acts, even if originally innocent, makes it unlikely that the defendant did not have the requisite state of knowledge as to the criminal character of his acts by the time of the charged crime. *Evers,* 139 Wis. 2d at 440, 407 N.W.2d at 263.

■

Because the knowledge principle is based on the theory that the defendant was put on notice of the criminal nature of the charged act by virtue of his other, similar activities, it follows that the other acts must occur *prior to* the charged act. That is not the case here. Thus, Roberson's possession of a stolen vehicle four

months *after* he was charged with concealing the stolen engine did not demonstrate that he had the requisite knowledge during the time he purchased and possessed the stolen engine.

Although not relevant on knowledge grounds, we conclude that the other acts evidence in this case was relevant on the question of Roberson's intent. Such evidence "tends to undermine the defendant's innocent explanation for his act." *Id.* at 437, 407 N.W.2d at 262 (quoting Weinstein & Berger, *Weinstein's Evidence* sec. 404[12], at 404–84 (1985)).

> The reasoning of this argument is that the recurrence of a like act lessens by each instance the possibility that a given instance could be the result of inadvertence, accident, or other innocent intent. Accordingly, the argument here is that the oftener A is found in possession of stolen goods, the less likely it is that his possession on the occasion charged was innocent. It is not a question of specifically proving knowledge; it is merely a question of the improbability of an innocent intent.

2 Wigmore, *Evidence* sec. 325, at 287 (Chadbourn ed. 1979) (citation omitted). It is the multiplication of criminal occurrences, not their timing, that is important—provided that the time is not so distant as to be accountable for on the theory of chance acquisition. *Id.* Therefore, it is immaterial whether the other acts occurred before or after the charged event. *Id.* Roberson's other act of possession of a stolen vehicle can, therefore, be relevant to his claim of innocent possession and concealment.[1]

---

[1]Wigmore notes that since the force of the argument behind the intent principle lies in the multiplication of instances, a single

This brings us to the second prong of the *Mink* test, whether the prejudice resulting from the admission of the other acts evidence substantially outweighs its probative value. The trial court determined that the probative value of the evidence substantially outweighed its prejudice. We agree.

Probative value turns on the nearness in time, place and circumstances to the crime sought to be proved. *Evers,* 139 Wis. 2d at 436, 407 N.W.2d at 261. Roberson's theory of defense was innocent possession of the stolen engine. The trial court determined that Roberson purchased both the stolen engine and stolen vehicle under very similar circumstances. Both instances involved purchases of stolen motor vehicle-related property. Both transactions involved a Chicago seller whom Roberson could no longer locate or produce. Both involved substantial cash transactions. The incidents occurred within four months of each other. These findings are not clearly erroneous. Sec. 805.17(2), Stats. Because of the nearness in time, place and circumstances between the alleged crime and the other act, we cannot conclude that the trial court abused its discretion when ruling that the stolen vehicle evidence was probative.

The probative value of this evidence must then be weighed against its unfair prejudicial effect, if any. In the other acts context, prejudice refers to the potential harm in a jury concluding that, because an actor committed one bad act, he necessarily committed the crime charged. *State v. Conley,* 141 Wis. 2d 384, 401, 416 N.W.2d 69, 76 (Ct. App. 1987). In this case, the jury was

instance has little or no weight. 2 Wigmore, *Evidence* sec. 325, at 287-88 (Chadbourn ed. 1979). However, Wigmore does not contend that a single instance is *per se* inadmissible.

cautioned that it could not consider the stolen vehicle evidence to conclude that Roberson has a certain character trait or to further conclude that he acted in conformity with that trait. This limiting instruction forbade the jury from concluding that because Roberson had once purchased a stolen vehicle, he necessarily purchased the engine in question with criminal intent. Accordingly, we conclude that any prejudice to Roberson did not substantially outweigh the probative value of the evidence.

Since we have concluded that the evidence was properly admitted on grounds not used by the trial court, we must address the effect, if any, of the language in the jury instruction which stated the incorrect premise upon which the evidence was received.

Roberson argues that because the jury was misinstructed regarding the other acts evidence, the case was submitted to the jury on the wrong theory. Roberson relies on *Sugden v. State,* 137 Wis. 2d 367, 404 N.W.2d 126 (Ct. App. 1987), *rev'd on other grounds,* 143 Wis. 2d 728, 422 N.W.2d 624 (1988), in support of this claim. We disagree that *Sugden* controls this case. Sugden was charged with escape from the custody of an institution pursuant to sec. 946.42(1)(a) and (3)(a), Stats. The state attempted to justify the charge and ensuing conviction on the evidence which showed that Sugden had also escaped from the custody of a guard pursuant to sec. 946.42(1)(a). Rejecting this argument, the court of appeals stated that "[a] conviction cannot be affirmed on a theory not submitted to the jury." *Sugden,* 137 Wis. 2d at 373, 404 N.W.2d at 128.

This case was not submitted to the jury on the wrong theory. The theory of the state was that Roberson knowingly purchased a stolen engine and concealed it; the theory of the defense was that Roberson did not

457

harbor the requisite criminal intent. The erroneous instruction changed none of this. The principle stated in *Sugden* was not violated here. The incorrectly worded jury instruction did not constitute reversible error.

*By the Court.*—Judgment affirmed.