STATE of Wisconsin, Plaintiff-Respondent,†

v.

Luther Wade COFIELD, Defendant-Appellant.

Court of Appeals

No. 99–1387–CR. *Submitted on briefs May 2, 2000.—Decided July 25, 2000.*

## 2000 WI App 196

(Also reported in 618 N.W.2d 214.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sandra L. Tarver*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. WEDEMEYER, P.J. Luther Wade Cofield appeals from a judgment entered after a jury found him guilty of three counts of first-degree sexual assault and one count of kidnapping, while armed, all as a habitual offender. Cofield claims that the trial court erroneously exercised its discretion when it admitted "other acts" evidence relating to Cofield's previous convictions of sexual assault of one woman and physical attack of another women. Because the trial court erroneously admitted this evidence, we reverse and remand the case for a new trial.[1]

## I. BACKGROUND

¶ 2. On September 5, 1997, Lee H., who lived across the hall from Cofield's apartment, reported to the police that Cofield had sexually assaulted her. She indicated that she went into his apartment to retrieve an antenna that Cofield had borrowed. She stated that Cofield put a knife to her neck and covered her mouth. At trial, Lee testified that Cofield led her to the dining room area, put down the knife, and removed his hand

---

[1] Cofield also contends that the trial court erred when it refused to undertake an *in camera* review of the victim's mental health records. We decline to address this issue, however, because we are reversing and remanding for a new trial. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed). We conclude it would be more appropriate for the new trial court to have an opportunity to address this issue given our evidentiary ruling.

from her mouth. Cofield then apologized to her, explaining that he had just taken a "hit" of cocaine. Lee told Cofield she understood as she had been a drug user, and she knew that people sometimes get aggressive when they are using.

¶ 3. Lee testified that Cofield then directed her to engage in mouth-to-penis intercourse, and she complied. Cofield then offered Lee some cocaine and she accepted it. They smoked cocaine together. Cofield then again engaged Lee in mouth-to-penis intercourse. Afterwards, Lee asked if she could bring her three-year-old daughter into the apartment and Cofield agreed. Cofield gave Lee's daughter some materials so she could draw. Cofield then had penis-to-vagina intercourse with Lee on the couch. After another act of mouth-to-penis intercourse, Cofield answered his telephone. His wife was calling and needed him to pick her up from work. Lee told Cofield he could come over after 5:30 p.m. that evening. Lee took her daughter and left. When Lee's boyfriend came home, she told him what had happened, and they reported the incident to the police.

¶ 4. Lee maintained that the sexual acts were not consensual and that she only went along with Cofield to "get him on her side" and get out of the situation safely. The defense theory was that this was a "dope date" where Lee engaged in the sexual acts in order to obtain drugs. Lee admitted that she has been battling drug addiction for many years.

¶ 5. Prior to trial, the State moved for the admission of other acts evidence. Specifically, it intended to introduce the testimony of two other women who had been assaulted or attacked by Cofield. The first incident occurred in December 1986, and involved Mariellen K., whom Cofield sexually assaulted at

knifepoint in her bedroom. The act involved both penis-to-vagina and mouth-to-penis intercourse. The second incident involved Carina Y., who was also attacked in her bedroom, with the use of a knife. This incident occurred in May 1987. The attack was interrupted, however, when one of her roommates heard her scream. Cofield was arrested, charged and convicted for both incidents. The State argued that these incidents could be admitted to show motive or common plan or scheme. The trial court granted the motion and the jury heard this evidence.

¶ 6.    Cofield was convicted. He now appeals.

## II.  DISCUSSION

¶ 7.    The issue in this case is whether the trial court erroneously exercised its discretion when it admitted the other acts evidence. *See State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983). We will sustain an evidentiary ruling if the trial court examined the relevant facts, applied the pertinent law, and reached a rationale conclusion. *See Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982). We conclude that the trial court erroneously exercised its discretion when it admitted the other acts evidence, applying the theory that the incidents were relevant to intent, motive, common scheme or plan.

¶ 8.    In Wisconsin, the admissibility of other acts evidence is governed by WIS. STAT. § 904.04(2) (1997–98),[2] which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in

---

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶ 9. Whether other acts evidence should be admitted requires the application of a three-part test: (1) is the other acts evidence offered for an acceptable purpose under WIS. STAT. § 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; (2) is the other acts evidence relevant; that is, is the evidence of consequence to the determination of the action, and does it have probative value; and (3) is the probative value of the other acts evidence substantially outweighed by the danger of unfair prejudice, confusion of the issues, or undue delay. *See State v. Sullivan*, 216 Wis. 2d 768, 772–73, 576 N.W.2d 30 (1998).

¶ 10. In ruling on the "other acts" motion, the trial court concluded that the prior incidents were "amazing[ly] similar[ ] in terms of plan and knowledge," and that the prior acts were relevant to the consent issue and not unduly prejudicial. We remind the trial court that "[c]onsent is unique to the individual. 'The fact that one woman was raped . . . has no tendency to prove that another woman did not consent.' " *State v. Alsteen*, 108 Wis. 2d 723, 730, 324 N.W.2d 426 (1982) (citation omitted). The State argued to the jury that the evidence was admitted to establish a common plan or scheme. The trial court instructed the jury that the prior acts were admissible to establish motive. We disagree with the trial court's conclusions,

and we conclude that the prior acts were improper propensity evidence used to prove that Cofield acted in conformity with his prior convictions.

¶ 11. In reviewing the list set forth in WIS. STAT. § 904.04(2), we reject each of the proper "other purposes" under which the State and the trial court argued the prior acts evidence should be admitted.[3] First, the evidence was not admissible to show intent because intent was not an element of the offense charged. *See State v. Danforth*, 129 Wis. 2d 187, 202–03, 385 N.W.2d 125 (1986). The State concedes that intent was not an element it had to prove on the sexual assault charges, but argues that intent was an element on the kidnapping charge and, therefore, admissible. This argument, made only on appeal, is a stretch at best. It is clear throughout the entire trial court transcript that the other acts evidence was being introduced as relevant to the sexual assault, not the kidnapping. The State also contends that the evidence was used to show intent to hold the victim to servitude for sex as in *State v. Grande*, 169 Wis. 2d 422, 433, 485 N.W.2d 282 (Ct. App. 1992). This argument, however, was never made in the trial court and the cautionary instruction on the other acts evidence never mentioned this other purpose. In addition, the prosecutor's closing argument focused on linking the prior acts with the charged offenses. The State, therefore, has waived both arguments. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980).

¶ 12. Similarly, the other acts cannot be properly admitted to show motive. Other crimes evidence may be admitted to establish motive for the charged offense

---

[3] Because we conclude that there was no proper purpose for admitting this evidence, we need not address the remaining two steps of the "other acts" test.

if there is a relationship between the other acts and the charged offense, *see e.g., Holmes v. State*, 76 Wis. 2d 259, 268–69, 251 N.W.2d 56 (1977), or if there is a purpose element to the charged crime, *see State v. Friedrich*, 135 Wis. 2d 1, 22, 398 N.W.2d 763 (1987). Here, neither can be satisfied. There was no connection between Cofield's earlier convictions and the Lee case, and there is no evidence that the prior offense provided a reason for committing the charged offenses or that there was some link between them. Further, there is no purpose element in the crimes charged in this case.

¶ 13. The State argues that the similarities between the old and new offenses demonstrated a common scheme or plan. That is, a knife was used in each incident, the race of the women was the same, all of the victims were in their twenties or thirties, they were all women Cofield had seen before, and he told each of them that if they were compliant, they would not get hurt. Our supreme court has addressed the concept of "plan" as that term is used in WIS. STAT. § 904.04(2):

> The word "plan" in sec. 904.04(2) means a design or scheme formed to accomplish some particular purpose. . . . Evidence showing a plan establishes a definite prior design, plan, or scheme which includes the doing of the act charged. As Wigmore states, there must be "such a concurrence of common features that the various acts are materially to be explained as caused by a general plan of which they are the individual manifestations."

*State v. Spraggin*, 77 Wis. 2d 89, 99, 252 N.W.2d 94 (1977) (citation and footnote omitted). In other words, similarity of facts is not enough to admit other acts under this "other purpose." There must be some evidence that the prior acts were a step in a plan leading

to the charged offense, or some other result of which the charged offense was but one step. *See State v. Roberson*, 157 Wis. 2d 447, 453, 459 N.W.2d 611 (Ct. App. 1990). This linkage is simply not present here. There is no evidence that the prior acts were simply a step in a plan leading up to the Lee incident. In addition, there are as many dissimilarities between the earlier acts and the charged offenses as there are similarities. In the charged offense, Cofield shared cocaine with the victim, he put the knife down, the incident took place in his apartment as opposed to the victim's bedroom, he allowed the victim to leave to retrieve her child, and the instant case occurred during the day.

¶ 14.   In sum, the prior acts evidence was not admitted for a proper purpose. Rather, the trial court allowed the evidence to be used to show propensity and the State used the evidence to so show. Accordingly, we must reverse the judgment and remand the case for a new trial consistent with the holdings in this opinion.

*By the Court.*—Judgment reversed and cause remanded.

¶ 15.   SCHUDSON, J. (*concurring*). Although I agree that the judgment must be reversed and the case remanded for a new trial, I write separately because I depart from the majority opinion in several ways.

¶ 16.   First, I believe the majority opinion fails to provide an adequate factual or legal analysis to explain and support our conclusion.

¶ 17.   Second, I reject the State's arguments on the merits; unlike the majority, I do not rely on waiver. *See* Majority at ¶ 11.

475

¶ 18.   Third, I disagree with the majority's decision to "decline to address" the issue of whether the trial court "erred when it refused to undertake an *in camera* review of the victim's mental health records." *See* Majority at ¶ 1 n.1. The record on that issue is complete; the merits have been fully briefed; the proper resolution is clear. The trial court erred. On remand, it must undertake the *in camera* review. Should the next trial court repeat the error by failing to do so, and should Cofield be convicted again, we would have to reverse for a third trial. The parties and the trial court need to know our determination of that issue now.

¶ 19.   Accordingly, I respectfully concur.