STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy J. NORMINGTON, Defendant-Appellant.†

Court of Appeals

*No. 2007AP382–CR. Submitted on briefs August 7, 2007.
—Decided November 21, 2007.*

2008 WI App 8

(Also reported in 744 N.W.2d 867.)

† Petition to review denied 3/18/08.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stephen J. Eisenberg* of *Eisenberg Law Offices, S.C.,* Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford,* asst. attorney general, and *J.B. Van Hollen,* attorney general.

Before Dykman, Vergeront and Bridge, JJ.

¶ 1. VERGERONT, J. Timothy Normington appeals the judgment of conviction for first-degree sexual assault causing great bodily harm and second-degree sexual assault of a mentally deficient victim and the sentences imposed for each offense. His primary contention on appeal is that the circuit court erroneously exercised its discretion in admitting into evidence images and videos of pornography found on his computer because, Normington asserts, this was other acts evidence that was inadmissible under Wis. Stat. § 904.04(2) (2005–06).[1]

¶ 2. We conclude the circuit court did not erroneously exercise its discretion in admitting certain of the pornography for the permissible purpose of motive. We also conclude that, even if the admission of other pornography was an erroneous exercise of discretion, it was harmless error.

¶ 3. Normington also contends the circuit court erroneously exercised its discretion in sentencing him. For the reasons we explain below, we conclude he is not entitled to resentencing. Accordingly, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

## BACKGROUND

¶ 4. Normington began employment in December 2004 with Catholic Charities, an organization that provides in-home care for developmentally disabled individuals. He was one of the care providers for Bob B., a developmentally disabled adult who needs twenty-four-hour care. Bob has cerebral palsy and mental retardation and functions at the level of an eighteen month old. He does not speak; he communicates through gestures; he needs assistance in dressing and bathing; and he wears a diaper.

¶ 5. Normington was the care provider for Bob on the evening of April 2, 2005, and early morning of April 3 when the events giving rise to the charges occurred. According to the client log Normington prepared, he was giving Bob a bath about 10:00 p.m. He went into Bob's room to get his pajamas when he heard "a loud snap." He ran to the bathroom and saw that Bob had gotten out of the bath tub, slipped to the floor, and fell on the toilet plunger, the handle of which was "in his butt." He removed the plunger and got Bob dressed. About four hours later, he changed Bob's diaper and saw blood. He called the "on call" staff, who decided Bob should be taken to the hospital emergency room.

¶ 6. Bob was taken to the hospital emergency room. He had excoriations around his anus, which were bleeding, and there was a perforation in his colon, which caused an infection because of stool spilling into the abdomen. Surgery was necessary to prevent his death.

¶ 7. Normington was charged with first-degree sexual assault causing great bodily harm contrary to Wis. Stat. § 940.225(1)(a), second-degree sexual assault of a mentally deficient victim contrary to § 940.225(2)(c), intentional maltreatment of a vulnerable adult causing

great bodily harm contrary to Wis. Stat. § 940.285(2)(a)1., and first-degree recklessly endangering safety contrary to Wis. Stat. § 941.30(1). It was the State's theory that Normington inserted the toilet plunger into Bob's anus because he had a sexual interest in the insertion of an object into a person's anus.

¶ 8. Prior to trial the State notified Normington of its intention to introduce pornographic images and videos from Normington's computer that depicted objects being inserted into women's vaginas and into men's and women's anuses and other sexual images and acts. There were at least 100 images. The State argued that they were admissible under Wis. Stat. § 904.04(2)[2] because they were relevant to Normington's motive, intent, identity, and knowledge and to the absence of mistake or accident, and they showed the "context of the story." Normington's position was that none of the evidence was admissible for any of the stated purposes and instead was intended to show that "he has a character for sexual practices involving object insertion . . . and acted in conformity with that character."

¶ 9. The court decided that many of the images and videos (moving images lasting between eleven and thirty seconds) were admissible for the purposes of motive, intent, plan, identity, knowledge and the absence of mistake or accident, but that some were not. As to those that were otherwise admissible, the court determined that presenting all would be cumulative. The

---

[2] WISCONSIN STAT. § 904.04(2) provides:

(2) OTHER CRIMES, WRONGS, OR ACTS. (a) Except as provided in par. (b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

court limited the number of images or videos of each of the admissible categories that could be presented to the jury, while also ruling the State could present testimony on the total number of images or videos of each of those categories that were on Normington's computer.

¶ 10. Consistent with the court's ruling, the State presented at trial the following from Normington's computer: (1) five images showing a machine inserting an object into a person's anus—four men, and one either a man or woman—with testimony that there were 100 such sex machine images on the computer's hard drive involving men and women, primarily women; (2) two images of a hand being inserted into a woman's anus and one image of two hands being inserted into a woman's vagina, with testimony that they were representative of ten to fifteen images; (3) one video of a machine inserting two objects into a man's anus, with testimony that this was representative of ten videos; and (4) five videos of anal intercourse between a man and a woman, with testimony that there were twenty-five similar videos on the hard drive. The testimony was that all the images and videos shown were accessed in March or April of 2005. The computer specialist who testified concerning the images and videos also testified to the names of various websites visited on Normington's computer, and they included a few that apparently related to anal sex via machines or objects, and more that suggested other sexual interests or activities.

¶ 11. The court was prepared to give the standard limiting jury instruction for other acts evidence if Normington requested it.[3] However, Normington did

---

[3] Wisconsin JI—Criminal 275 provides:

**275 CAUTIONARY INSTRUCTION: EVIDENCE OF OTHER CONDUCT [REQUIRED IF REQUESTED] —§ 904.04(2)**

not want that instruction and instead proposed the court give this instruction:

> Evidence has been presented regarding other conduct of the defendant for which the defendant is not on trial.
>
> Specifically, evidence has been presented that the defendant had pornography on his computer. You may not consider this evidence to conclude that the defendant has a certain character or a certain character trait and that the defendant acted in conformity with that trait or character with respect to the offense charged in this case.
>
> This evidence is not to be used to conclude that the defendant is a bad person and for that reason is guilty of the offense charged.

The State objected to Normington's proposed instruction on the ground that it did not instruct the jury on the proper purpose for which the evidence could be considered. The court agreed and declined to give Normington's proposed instruction because it was an

---

**Evidence Presented**

Evidence has been presented regarding other conduct of the defendant for which the defendant is not on trial.

Specifically, evidence has been presented that the defendant (describe conduct). If you find that this conduct did occur, you should consider it only on the issue(s) of [CHOOSE ONLY THOSE THAT APPLY] (motive) (opportunity) (intent) (preparation or plan) (knowledge) (identity) (absence of mistake or accident) (context or background) (identify other issue).

You may not consider this evidence to conclude that the defendant has a certain character or a certain character trait and that the defendant acted in conformity with that trait or character with respect to the offense charged in this case.

(Comments omitted.)

734

incomplete and therefore erroneous statement of the law. Normington elected to have no instruction rather than the standard instruction.

¶ 12. The jury returned verdicts of guilty on the two sexual assault charges and not guilty on the other two charges. The circuit court imposed concurrent sentences of eighteen years of confinement and twelve years of extended supervision on each of the sexual assault charges and, for the first-degree sexual assault, ordered lifetime supervision pursuant to WIS. STAT. § 939.615, which applies to serious sex offenders.

¶ 13. Normington appeals both convictions on the grounds the circuit court erroneously exercised its discretion in admitting the evidence of the pornography and erroneously exercised its sentencing discretion.

## DISCUSSION

### I. Admission of the Evidence of Pornography

¶ 14. Normington contends, as he did in the circuit court, that none of the evidence of the pornography on his computer was admissible because the State did not establish that the requirements for the admission of other acts evidence were met.

¶ 15. WISCONSIN STAT. § 904.04(2) prohibits the admission of evidence of other acts "to prove the character of a person in order to show that the person acted in conformity therewith" but not when the evidence is offered for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

▬▬▬

¶ 16. The three-step analysis for determining whether prior acts of a defendant are admissible inquires: (1) Is the other acts evidence offered for an

acceptable purpose under Wis. Stat. § 904.04(2)? (2) Is the other acts evidence relevant under Wis. Stat. § 904.01? (3) Is the probative value of the evidence substantially outweighed by the danger of unfair prejudice, confusion, or delay under Wis. Stat. § 904.03? *State v. Sullivan*, 216 Wis. 2d 768, 783–90, 576 N.W.2d 30 (1998). Because the admission of other acts evidence is committed to the circuit court's discretion, we affirm the decision on appeal if the circuit court reviewed the relevant facts, applied a proper standard of law, and, using a rational process, reached a reasonable conclusion. *State v. Davidson*, 2000 WI 91, ¶ 53, 236 Wis. 2d 537, 613 N.W.2d 606. If the circuit court failed to articulate its reasoning, on appeal we review the record independently to determine whether there is any reasonable basis for the court's decision. *Id.*

¶ 17. The circuit court in its analysis here applied the greater latitude rule, applicable in determining the admissibility of other acts evidence in child sexual assault cases. *See, e.g., id.*, ¶ 51. The reasons for applying this rule in child sexual assault cases include "the difficulty sexually abused children experience in testifying, and the difficulty prosecutors have in obtaining admissible evidence in such cases . . . ." *Id.*, ¶ 42 (citation omitted). The circuit court here reasoned that Bob, though an adult, functions at the level of an eighteen month old and thus was the same as a child for purposes of the rule, having an inability to recount what happened.

¶ 18. Normington argues that the greater latitude rule has been applied only where the other act is a prior sexual assault, not, as here, pornography.[4] While that

---

[4] Normington refers to the following cases: *State v. Davidson*, 2000 WI 91, ¶ 36, 236 Wis. 2d 537, 613 N.W.2d 606 (this

may be true, the evident explanation from a review of these cases is that the circuit court referred to evidence of prior sexual assaults in discussing the effect of the greater latitude rule because that was the nature of the other acts evidence in those cases. Nothing in the reasoning of the cases suggests that it is limited to that type of other acts evidence; and Normington supplies no rationale to support such a limitation.

¶ 19. We conclude the circuit court correctly decided that the greater latitude rule was available in cases where the other acts evidence is pornography, not prior sexual assaults, if the adult victim functions at the level of a child due to disabilities. We also conclude the court properly exercised its discretion in applying the

greater latitude of proof exists only if the other act evidence constitutes other sexual assaults of children by the defendant); *Proper v. State*, 85 Wis. 615, 628, 55 N.W. 1035 (1893) (evidence that defendant assaulted Emma is admissible at sexual assault trial involving Clara); *Hendrickson v. State*, 61 Wis. 2d 275, 279, 212 N.W.2d 481 (1973) (where defendant charged with sexual assault of his daughter, evidence of prior sexual assault of the same daughter and two other daughters admissible); *State v. Fishnick*, 127 Wis. 2d 247, 257, 378 N.W.2d 272 (1985) (evidence of defendant luring a thirteen-year-old girl into his trailer one week earlier admitted in trial of sexual assault of three-year-old girl); *State v. Friedrich*, 135 Wis. 2d 1, 17–19, 398 N.W.2d 763 (1987) (defendant charged with sexually assaulting his niece. Evidence that defendant committed two other uncharged sexual assaults four and seven years before instant case admissible.); *State v. Plymesser*, 172 Wis. 2d 583, 597, 493 N.W.2d 367 (1992) (at defendant's trial for sexually assaulting his daughter's thirteen-year-old friend, court permitted the state to introduce evidence of the defendant's 1977 conviction for assaulting a friend's seven-year-old daughter).

rule in this case.[5] Thus, in analyzing the circuit court's decision we will bear in mind that the application of the rule permits a more liberal admission of other crimes evidence, while also recognizing that the rule does not relieve a court of the duty to ensure that the other acts evidence is admissible under the proper legal standards. *See id.*, ¶ 52.

¶ 20. Turning to the first *Sullivan* step, we confine our analysis to one of the purposes advanced by the State—motive.[6] The State explained in the circuit court that it wanted to show that Normington was motivated by his sexual interest in inserting objects into body orifices when he inserted the toilet plunger into Bob's anus. Motive is specifically listed in WIS. STAT. § 904.04(2) as a permissible purpose.

¶ 21. Normington argues that the State did not meet the requirement of the first *Sullivan* step because it gave only "lip service" to this purpose and was not sufficiently specific in articulating how this purpose applied to the facts of this case. However, this argument mixes the first *Sullivan* step with the second. The first step requires only that the other acts evidence be offered for a permissible purpose. We conclude the circuit court

---

[5] We do not intend to suggest that the result in this case would be any different if the greater latitude rule were not applied. We are ruling on its application because we are reviewing the circuit court's decision to determine if the circuit court properly exercised its discretion. *See Davidson*, 236 Wis. 2d 537, ¶ 53. However, an independent review of the record would lead us to the same conclusion we reach in this opinion even if the greater latitude rule were not applied. *See id.*, ¶ 51 (greater latitude rule explained).

[6] Because we conclude that certain of the pornography was properly admissible for this purpose, we do not consider whether it might also be relevant for other purposes the State advances.

reasonably concluded that the State satisfied this requirement by identifying the permissible purpose of motive and explaining that the State wanted to show that Normington was motivated by his sexual interest in inserting objects into body orifices when he inserted the toilet plunger into Bob's anus.

■

¶ 22. We turn next to the second step, which requires an inquiry into the relevance of the pornography evidence. This inquiry has two components: the evidence must relate to some fact that is of consequence to the determination of the action and it must have some tendency to make that fact more or less probable than it would be without the evidence. *Sullivan*, 216 Wis. 2d at 772.

¶ 23. For the first-degree sexual assault charge, the jury was instructed that the State had to prove: (1) sexual intercourse, defined as the intrusion, however slight, by any part of a person's body or of any object, into the genital or anal opening of another; (2) without the person's consent; and (3) causing great bodily harm. Thus, the State had to prove that Normington put the toilet plunger into Bob's anus. The circuit court concluded that it was more probable that the possessor of this "object insertion" pornography would be more likely to do this, but it did not elaborate on this conclusion. We therefore undertake an independent analysis.

¶ 24. Because inserting a toilet plunger into another person's anus is an unusual thing to do, knowing why a person might be motivated to do such a thing is highly significant to deciding whether Normington did it. A reasonable inference from the evidence that Normington viewed pornography showing the insertion of objects into a person's anus is that he found that

practice sexually arousing. A reasonable judge could conclude that this inference makes it more probable that Normington would insert an object into Bob's anus than if there were no evidence he had a sexual interest in the insertion of objects into a person's anus.

¶ 25. For the second-degree sexual assault charge, the jury was instructed that the State had to prove: (1) sexual contact with Bob; (2) that Bob suffered from a mental deficiency; (3) that the mental deficiency rendered Bob unable to evaluate the significance of his conduct; and (4) that Normington knew this. Sexual contact was defined for the jury as "intentional touching by [Normington] of the anus of [Bob] by any body part or any object with the intent to become sexually aroused or gratified.[7] For the reasons we explained in the preceding paragraph, the evidence that Normington viewed pornography showing the insertion of objects into a person's anus could reasonably be viewed as making it more probable that Normington would intentionally touch Bob's anus with the toiler plunger than if there were no evidence of that sexual interest. In addition, that same evidence could be reasonably viewed as making it more probable that he

---

[7] The information charged sexual intercourse or contact contrary to Wis. Stat. § 940.225(2)(c), which refers to both sexual intercourse and sexual contact. The State chose to have the jury instructed only on sexual contact, not on sexual intercourse. Normington objected on the ground that insertion of the toilet plunger into Bob's anus would be sexual intercourse not sexual contact, but the court instructed as the State elected. In Normington's appellate reply brief he asserts that the State's election was made for the purpose of introducing the pornography and suggests this is improper. However, he does not develop an argument with citation to legal authority that the court erred in instructing the jury as it did. Accordingly, we do not further address this argument.

740

did this with the intent to become sexually aroused or gratified than if there were no such evidence.

¶ 26. In concluding the object insertion pornography was relevant, the court also considered that it depicted acts that were sufficiently similar to inserting a toilet plunger into Bob's anus, even though the pornography appeared to involve consenting individuals, and that it was accessed in a time period near to the charged event. We conclude these are proper factors for the court to consider and the court reasonably applied them based on this record.

¶ 27. Normington appears to agree that the pornography he viewed is evidence of his sexual interests. In his main brief he asserts the pornography he viewed "tend[s] to show only that [he] has sexual interests that may be slightly beyond the normal range, or to some, perverse." However, in his reply brief he asserts that "[n]othing in the record supports the conclusion that Normington became sexually aroused from looking at the pornography." We do not agree that specific evidence of Normington's sexual arousal from viewing the pornography is necessary in order for a reasonable judge to decide that the pornography is relevant to his motive. The pornography is evidence of his sexual interest, and it is reasonable to infer that he obtains some form of sexual arousal or gratification from viewing it.

¶ 28. Normington makes a number of other arguments challenging the relevancy of the pornography. First, he contends the images and videos showing the insertion of objects into women's vaginas or anal intercourse between a man and a woman do not show a sexual interest relevant to inserting a toiler plunger into Bob's anus. We will address this objection later in the opinion and confine our analysis at this time to the images and videos that show the insertion of objects

into anuses. We do not agree with Normington that the images and videos showing the insertion of objects into women's anuses, as opposed to men's anuses, are irrelevant. A reasonable judge could conclude that the focus of these images and videos—and thus, the sexual interest aroused—is on the insertion of the object into the anus and not on the gender of the person.

¶ 29. We also do not agree that, because none of the images or videos show pain or violence, they are irrelevant. While there was evidence that Bob suffered pain as a result of the plunger inserted into his anus, the State did not contend that Normington's purpose was to seek sexual gratification from hurting Bob. Finally, we do not agree that the absence of toilet plungers or similarly shaped objects makes the images and videos irrelevant. A reasonable judge could conclude that the images and videos indicate a sexual interest in the insertion of objects into persons' anuses and not the insertion of a particular type or shape of object.[8]

¶ 30. Normington also argues that evidence of motive is not relevant because neither of the convicted offenses contains a motive element. We reject this argument. First, the second-degree sexual assault charge on which the jury was instructed plainly does require the State to prove as an element that the sexual contact was done with the intent of becoming sexually aroused or gratified. Second, there is no requirement that the purpose for which evidence of another act is proffered be an element of the crime: as we have already stated, the other acts evidence is relevant if it

---

[8] Normington also argues there was no sadomasochistic or child pornography. We do not understand how the absence of this type of pornography makes the existing pornography irrelevant to the crimes charged in this case.

relates to some fact that is of consequence to the determination of the action and has some tendency to make that fact more or less probable than it would be without the evidence. *Sullivan*, 216 Wis. 2d at 772. *State v. Cofield*, 2000 WI App 196, 238 Wis. 2d 467, 618 N.W.2d 214, which Normington cites, does not hold otherwise. In *Cofield* we stated that "[o]ther crimes evidence may be admitted to establish motive for the charged offense if there is a relationship between the other acts and the charged offense, or if there is a purpose element to the charged crime[.]" *Id.*, ¶ 12 (citations omitted). We concluded there was not a purpose element to the sexual assault charged and there was no connection between the evidence of the prior sexual assaults and the charged sexual assault, no evidence that the prior assaults provided a reason for committing the charged assault, and no other link between them. *Id.* In this case, in contrast, the motive of sexual arousal or gratification is an element of the second-degree sexual assault. In addition, the evidence that Normington viewed pornography showing the insertion of objects into persons' anuses is connected to the charged offense because it provides a reason why he would insert the toilet plunger into Bob's anus.

¶ 31. Because we conclude there is a reasonable basis on which to decide that the images and videos of the insertion of objects into anuses are relevant, we turn next to the third step in our inquiry: is the probative value substantially outweighed by the danger of unfair prejudice?

> Unfair prejudice results when the proffered evidence has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or

otherwise causes a jury to base its decision on something other than the established propositions in the case.

*Davidson*, 236 Wis. 2d 537, ¶ 73 (citations omitted).

¶ 32. In deciding that the probative value of the object insertion pornography was not substantially outweighed by the danger of unfair prejudice, the circuit court reasoned that Bob's cognitive age and his inability to testify as to what happened added to the probative value. The court also decided that an instruction on the purpose for which the jury could properly consider this evidence would be effective because, in the court's experience, juries did follow instructions, and the danger that the jury would convict Normington because he was a bad person would be adequately addressed by an instruction. The court expressed its intent to make sure the State did not suggest in any way during the trial that the pornography showed Normington had a bad character or a propensity to commit this type of crime.

¶ 33. Normington argues that there was no probative value to any of the pornography evidence and there was a danger that the jury would be so revolted by it that it would decide he was a sexual deviant and convict him on that basis. This argument is premised on there being no probative value. However, we have concluded the images and videos showing the insertion of objects into anuses do have probative value. Normington does not undertake a balancing of the probative value of this evidence against the danger of unfair prejudice. We could for that reason conclude Normington has shown no error in the third step of the inquiry, but we choose nonetheless to analyze this step.

¶ 34. Although the circuit court did not expressly comment on the degree of relevancy of the pornography, the record reasonably supports the conclusion that the

images and videos showing the insertion of objects into anuses is highly relevant. As we have already stated, it is reasonable to view the insertion of a toilet plunger into the anus of another person as such an unusual act that the reason a person would do so is likely not readily apparent to many people. The images and videos of inserting objects into anuses is strong evidence that this activity was sexually arousing to Normington and thus provides an explanation for the conduct the State accused him of. In addition, the court properly considered Bob's inability to testify to what happened as adding to the probative value.

¶ 35. As for the danger of the jury finding Normington guilty simply because it was revolted by the pornography he viewed, we first observe that having a sexual interest in the pornography is less, not more, disturbing than inserting a toilet plunger into a mentally deficient person's anus. Thus, it is unlikely that the jury would punish Normington for the pornography rather than for the conduct he was charged with. *See State v. Volk*, 2002 WI App 274, ¶ 24, 258 Wis. 2d 584, 654 N.W.2d 24 ("none of the incidents described by [witness] were worse than the aggravated battery for which [defendant] was being tried" and therefore the described incidents were not likely to influence the jury's decision by appealing to its sense of sympathy or sense of horror).

¶ 36. Second, the accepted way of guarding against the jury's use of other acts evidence for an improper purpose, as the circuit court recognized, is the standard cautionary jury instruction. *See Davidson*, 236 Wis. 2d 537, ¶ 78. The court was prepared to give this, but Normington declined. While Normington had the right to decline that instruction, he cannot obtain a reversal on the ground that there was a danger of unfair prejudice to the extent the instruction would have guarded

against that danger. *See Lievrouw v. Roth*, 157 Wis. 2d 332, 350, 459 N.W.2d 850 (Ct. App. 1990) (when the defendant in a civil case failed to accept the court's offer for either an instruction that the other acts evidence was received only in connection with the punitive damage claim or to have the jury decide compensatory damages before it decided punitive damages, he may not claim reversible error on the ground that the evidence was improperly admitted on the compensatory damages claim).[9] We are satisfied that in this case the circuit court reasonably concluded that the standard cautionary instruction would adequately limit the danger that the jury would consider the pornography evidence for an improper purpose. Normington's argument that such an instruction has no effect is simply not supported by Wisconsin case law. *State v. Anderson*, 230 Wis. 2d 121, 132, 600 N.W.2d 913 (Ct. App. 1999) (since we presume that jurors follow the court's instruction, a cautionary instruction is normally sufficient to guard against the jury's use of the other acts evidence for an improper purpose).

¶ 37. Third, even though a cautionary instruction was not given, the State properly did not argue to the jury that Normington inserted the toilet plunger into Bob's anus because he was a bad person as evidenced by

[9] The State makes a broader waiver argument. The State contends, citing *Lievrouw v. Roth*, 157 Wis. 2d 332, 350, 459 N.W.2d 850 (Ct. App. 1990), that Normington has waived the right to claim reversible error based on prejudice from the other acts evidence because he rejected the cautionary instruction the court was prepared to give. We are not persuaded that *Lievrouw* supports this broad proposition because there may be cases in which there would be a danger of unfair prejudice even if a cautionary instruction had been given. However, it is not necessary here to decide whether there might be such a case.

the pornography he viewed. Instead, the State's closing argument properly focused on the reasonable inference from the pornography of Normington's sexual interests and how that supplied a motive for his conduct.

¶ 38. Finally, we observe that the jury acquitted Normington on two of the four charges: intentional maltreatment of a vulnerable adult causing great bodily harm and first-degree recklessly endangering safety. The former charge required the jury to find that Normington intentionally subjected Bob to maltreatment, defined as conduct that causes great bodily harm. The latter charge required the jury to find that Normington's conduct created a risk of death or great bodily harm to Bob that was unreasonable and substantial and that Normington was aware that his conduct did this. Evidently the jury decided that, although Normington inserted the toilet plunger into Bob's anus, he did not do so with the intent to cause Bob great bodily harm or with the awareness his conduct created an unreasonable and substantial risk of that. This demonstrates that the jury did not decide to find Normington guilty simply because of the pornography he viewed and indicates that the jury appropriately considered it as providing a motive.

¶ 39. We conclude that the evidence of the images and videos showing the insertion of objects into persons' anuses was properly admitted for the purpose of showing Normington's motive.[10] We reach the same conclusion, for the same reasons, regarding the testimony on

---

[10] Normington does not make a distinction in his argument between the pornography showing the insertion of foreign objects into anuses and that showing the insertion of hands into anuses. The circuit court apparently did not see a distinction for purposes of its analysis. For the reasons we have discussed in

websites visited on Normington's computer that indicated anal sex via machines or objects.

■

¶ 40. We now consider the images and videos the court admitted that show the insertion of objects (or hands) into women's vaginas and show anal intercourse between a man and a woman, as well as the testimony on the names of websites that suggested sexual interests other than anal sex via machines or objects. The circuit court did not specifically address the relevancy of these. We question whether evidence that Normington had a sexual interest in these practices made it more probable that he inserted a toilet plunger into Bob's anus than if there were not this evidence. However, we do not resolve this question but instead conclude that, even if this evidence did not meet the second step of the *Sullivan* inquiry and was therefore erroneously admitted, the error was harmless.

¶ 41. Recently, the supreme court discussed the harmless error test:

> In determining whether a constitutional error is harmless, the inquiry is as follows: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" This court also has formulated the test for harmless error in alternative wording. Under *Chapman v. California*, the error is harmless if the beneficiary of the error proves "beyond a reasonable doubt that the error complained

paragraphs 20 through 38, we conclude the record reasonably supports the admission of the images of hands inserted into anuses.

We do not understand Normington to have argued in the circuit court or to be arguing on appeal that some categories of images and videos were admissible but the court allowed too many of the admissible categories. Therefore we do not address this argument.

of did not contribute to the verdict obtained." While we recognize that this court recently has formulated the harmless error test in a variety of ways, whichever formulation is applied, we are satisfied that the error here was harmless for the reasons hereafter set forth.

*State v. Mayo*, 2007 WI 78, ¶ 47, 301 Wis. 2d 642, 734 N.W.2d 115 (citations omitted). Similarly, we conclude that, whichever formulation is used, the error of admitting the images and videos we have described in ¶ 40 was harmless.

¶ 42. The critical question for the jury to decide was whether Normington inserted the toilet plunger into Bob's anus, as the State contended, or whether, on the other hand, it was the result of some "freaky accident" as the defense argued in closing. There was no evidence that any person other than Normington had access to Bob during the relevant time period or that the perforation in Bob's colon had been caused by anything other than the toilet plunger. The physician who operated on Bob testified that it would take a significant amount of force to cause the perforation in the colon, and that in order to cause the injury the insertion of the object would, in his opinion, be intentional. The physician considered it "very unlikely" that Bob inserted the plunger a bit into his anus and then fell, causing it to go further into his rectum. He reached this conclusion because Bob was not capable of the type of purposeful movement and manipulation of objects this would require, the plunger was not fixed to the floor, and the plunger would need to follow a path of different angles in order to reach and perforate the colon. According to the physician, it was "virtually impossible" that the injury was caused by a complete accident, that is, by Bob falling on the toilet plunger without first attempting to insert it into his anus. The

forensic pathologist called by the State also opined that Bob's injuries were not accidental and that neither Bob's falling on the plunger nor Bob himself inserting the plunger was a reasonable explanation for his injuries.

¶ 43. Thus, even without the evidence of a motive for Normington to insert the toilet plunger into Bob's anus, there is a strong evidentiary basis for finding that he did it. With evidence of a motive supplied by the pornography, evidence that we have held was properly admitted, the evidence is overwhelming. The pornography evidence that we are assuming was improperly admitted is less connected to the conduct Normington is accused of and would be no more disturbing to the jury than the properly admitted pornography. We are satisfied beyond a reasonable doubt that its admission, if error, was harmless.

## II. Sentencing

¶ 44. Normington contends the circuit court erroneously exercised its sentencing discretion in several ways. The State responds that we should not consider these contentions because Normington did not first present them to the circuit court in a postconviction motion and, absent compelling reasons, he is required to do so before challenging his sentence on appeal. The State cites *State v. Norwood*, 161 Wis. 2d 676, 680, 468 N.W.2d 741 (Ct. App. 1991). Normington does not reply to this argument in his reply brief. We take this as a concession that the State is correct. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994). On the basis of this implicit concession, we conclude Normington is not entitled to resentencing.

## CONCLUSION

¶ 45. We conclude that the circuit court did not erroneously exercise its discretion in admitting the images and videos showing the insertion of objects into persons' anuses or testimony of the names of apparently related websites. Even if admission of the other pornography and testimony of other website names was an erroneous exercise of discretion, we conclude the admission was harmless error. Finally, we conclude Normington is not entitled to resentencing. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.