¶ 1 Randall S. Shesto appeals from judgments, entered upon a jury verdict, convicting him of one count of second-degree sexual assault of a child and one count of exposing genitals to a child. He argues that the trial court erroneously exercised its discretion when it allowed the State to present other-acts evidence. We disagree with Shesto and affirm the judgments.
 ¶ 2 In late 2006, fifteen-year-old Kayleigh B. met Shesto, then twenty, on MySpace, an online social networking website. Kayleigh knew Shesto as "RJ" and knew he was twenty. They mainly communicated online. Sometime in December, with the permission of Kayleigh's father, Shesto visited Kayleigh and her girlfriend at Kayleigh's house. The girlfriend introduced Shesto to Kayleigh's father as an eighteen-year-old who attended the same high school as she and Kayleigh did. Shesto did not dispute his represented age.
 ¶ 3 On or about December 22, 2006, Kayleigh told Shesto her father denied her request to allow Shesto to visit because neither parent would be home. Shesto told Kayleigh he would "come over for a little bit" anyway. He parked away from the house and came to the back door. Shesto and Kayleigh went to the basement where they engaged in sexual activity. A few weeks later, Kayleigh's father saw on the television news that Shesto was accused of having sexual contact with a fifteen-year-old in Sheboygan county. The news report identified Shesto as a twenty-year-old. Kayleigh confirmed to her father that the alleged offender was "RJ" and admitted that she also had had sex with him.
 ¶ 4 The State ultimately charged Shesto with three counts of sexual contact (hand-to-breast, mouth-to-breast and hand-to-penis), one count of sexual assault of a child under sixteen (oral intercourse) and one count of exposing genitals to a child, contrary to WIS. STAT. §§ 948.02(2) and948.10(1) (2007-08).[1] The State filed a motion to allow the Sheboygan county incident to be used at trial as other-acts evidence. Supporting its motion with a copy of the Sheboygan county complaint, the State argued that, as with Kayleigh, Shesto met and talked with Wendy G. on MySpace, arranged a clandestine meeting to avoid parental detection for the purpose of having sex, and that Wendy stole out of the house after she believed her parents were asleep, met Shesto in his car which he had parked some distance away with the headlights off, and proceeded to have sex.
 ¶ 5 Shortly before the motion hearing, Shesto filed a notice of alibi, stating that on the night Kayleigh identified he was at a restaurant with his parents and later spent time with a friend. The court granted the State's motion on grounds that the evidence was admissible to show motive, intent, plan and, especially in light of the alibi defense, identity. The court allowed Wendy to testify at trial. The jury found Shesto guilty of count four, oral intercourse, and count five, exposing genitals to a child, and acquitted him of the other counts.
 ¶ 6 Shesto now argues that the trial court erroneously admitted other-acts evidence through Wendy's testimony. Other-acts evidence is admissible if offered for an acceptable purpose, if relevant and if the probative value substantially outweighs the danger of unfair prejudice. SeeState v. Sullivan, 216 Wis. 2d 768, 772-73,576 N.W.2d 30 (1998); see also WIS. STAT. § 904.04(2).[2] A trial court's decision to admit other-acts evidence is a discretionary one, and we affirm if the court reviewed the relevant facts, applied a proper legal standard and, using a rational process, reached a reasonable conclusion.State v. Gribble, 2001 WI App 227, ¶ 39,248 Wis. 2d 409, 636 N.W.2d 488.
 ¶ 7 Shesto first contends that Whitty v. State,34 Wis. 2d 278, 149 N.W.2d 557 (1967), established a presumption against the admission of other-acts evidence.See id. at 297 (stating that other-acts evidence should be used "sparingly . . . and only when reasonably necessary . . . because of its needless prejudicial effect on the issue of guilt or innocence"). Shesto ignores, however, that most post-Whitty other-acts cases, published and unpublished, consistently have approved the use of such evidence, eroding Whitty's holding.See State v. Johnson, 184 Wis. 2d 324, 341,516 N.W.2d 463 (Ct. App. 1994). WISCONSIN STAT. § 904.04(2) also favors admissibility by mandating the exclusion of other-acts evidence only when offered to prove the defendant's propensity to commit similar crimes. State v. Speer,176 Wis. 2d 1101, 1115, 501 N.W.2d 429 (1993). Moreover, courts properly give greater latitude to the admissibility of other-acts evidence where a child is the sexual assault victim.See State v. Hammer, 2000 WI 92, ¶ 23,236 Wis. 2d 686, 613 N.W.2d 629.
 ¶ 8 The remainder of Shesto's argument mainly focuses on the fact that the Wendy incident occurred after the Kayleigh incident. He contends the trial court failed to consider that the applicable case law involves the admission ofprior other-acts evidence. We disagree that the question is one of chronology. Wisconsin case law expressly holds that the other act may have occurred after the particular offense at issue. See, e.g., Johnson,184 Wis. 2d at 338; State v. Roberson, 157 Wis. 2d 447,455, 459 N.W.2d 611 (Ct. App. 1990); and Cheney v.State, 44 Wis. 2d 454, 460, 171 N.W.2d 339, 174 N.W.2d 1 (1969), overruled on other grounds, Byrd v.State, 65 Wis. 2d 415, 425, 222 N.W.2d 696 (1974). Furthermore, the language of WIS. STAT. § 904.04(2) draws no distinction between prior and subsequent acts. Rather than chronology, the question remains whether the evidence is relevant to something other than the defendant's character.See Roberson, 157 Wis. 2d at 452, 455;see also § 904.04(2).
 ¶ 9 The trial court undertook a textbookSullivan analysis and found that the State offered the evidence for an acceptable purpose: identity, motive, plan and intent. For other-acts evidence to be admitted for purposes of identity, there should be "such a concurrence of common features and so many points of similarity" between the other act and the crime charged that it reasonably can be said that each bears the "imprint of the defendant." State v.Fishnick, 127 Wis. 2d 247, 263-64, 378 N.W.2d 272 (1985). Similarity is demonstrated by showing the events' "nearness of time, place, and circumstance." State v. Hunt,2003 WI 81, ¶ 64, 263 Wis. 2d 1, 666 N.W.2d 771. As to motive or plan, three counts alleged sexual contact and one alleged exposure. An element of each is intent to obtain sexual gratification. See WIS. STAT. §§ 948.01(5)(a) and948.10; see also WIS JI — CRIMINAL 2101A and WIS JI — CRIMINAL 2140. Other-acts evidence is admissible to show motive to obtain sexual gratification. State v.Davidson, 2000 WI 91, ¶¶ 57-59, 236 Wis. 2d 537,613 N.W.2d 606. It also may be admitted to show intent if it tends to undermine an innocent explanation for the charged criminal conduct. Sullivan, 216 Wis. 2d at 784. Finally, such evidence may be admitted to establish a plan when there is a concurrence of common elements between the two incidents.Davidson, 236 Wis. 2d 537, ¶ 60.
 ¶ 10 The trial court noted that the incidents involving Kayleigh and Wendy shared numerous common features and similarities, as well as a nearness of time, place and circumstance. Shesto initiated and maintained the online contact with both girls on MySpace and knew from their MySpace profiles that they were fifteen. Both girls knew Shesto as "RJ." In neither case did the alleged sexual encounter simply "happen." Rather, the meetings were carefully arranged in a manner to avoid their parents' knowledge and for the purpose of having sex. The incidents occurred twenty days apart. While the locations of the assaults were not identical, the places nonetheless were similar because they were specifically chosen to be away from parental control. The trial court properly exercised its discretion in admitting the evidence for an acceptable purpose.[3]
 ¶ 11 We also conclude that the trial court conducted a proper relevancy analysis. Other-acts evidence is relevant if it is of consequence to the determination of the action and has probative value. See Sullivan,216 Wis. 2d at 772; see also WIS. STAT. § 904.01. Probative value is measured by the similarity between the charged offense and the other act. Hunt, 263 Wis. 2d 1, ¶ 64. Similarity depends on "nearness of time, place, and circumstance" between the other act and the alleged crime,see id. (citation omitted), because of the "improbability of a like result being repeated by mere chance."See Sullivan, 216 Wis. 2d at 786. As the trial court noted, the events occurred less than three weeks apart, Shesto's modus operandi and purpose were similar in both cases and the locations, while not identical, were similar in that they were devised to be out of parental reach. The numerous features of the Sheboygan county case that were common to the Kayleigh incident therefore were of consequence to and probative of his identity, motive and intent.
 ¶ 12 The final step in the Sullivan analysis is determining whether the probative value of the other-acts evidence was substantially outweighed by the danger of unfair prejudice. "The term `substantially' indicates that if the probative value of the evidence is close or equal to its unfair prejudicial effect, the evidence must be admitted."Speer, 176 Wis. 2d at 1115.
 ¶ 13 Although Shesto bears the burden of showing that the evidence was unfairly prejudicial, seeHunt, 263 Wis. 2d 1, ¶ 53, he mentions it only in passing. He asserts only that because the other act occurred subsequently, it posed a likelihood that the jury would view it as proof of a propensity toward bad conduct. We do not develop parties' argument for them. See State v.Gulrud, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987). Suffice it to say that the trial court offered proper cautionary instructions on the other-acts evidence. Any unfair prejudicial effect caused by the admittance of the other-acts evidence thus was substantially mitigated by those instructions. See Hunt, 263 Wis. 2d 1, ¶ 73. Indeed, the jury evidently heeded the instructions because it acquitted Shesto of three of the five counts with which he was charged. We conclude that the trial court properly determined that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.
By the Court. — Judgments affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.
[1] All references to the Wisconsin Statutes are to the 2007-08 version unless otherwise noted.
[2] WISCONSIN STAT. § 904.04(2) provides in pertinent part:
 [E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
[3] Shesto contends the evidence was not admissible to prove plan because in this context "plan" means a prior
design or scheme to achieve a particular purpose, such that the "other act" must be a step that leads to the charged offense.See State v. Cofield, 2000 WI App 196, ¶ 13, 238 Wis. 2d 467, 618 N.W.2d 214. He argues that the Sheboygan county incident, a later occurrence, could not have led to the Kayleigh incident. Regardless of whether or not Shesto is correct, we conclude that the other-acts evidence was properly admitted for other acceptable purposes.